**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDDIE M. LINDE** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-292S** |
| | : | |
| **A.T. WALL** | : | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons identified in its accompanying memorandum of law, designated party/respondent State of Rhode Island moves to dismiss Petitioner Eddie M. Linde's Petition Under 28 USC § 2254 For A Writ Of Habeas Corpus By A Person In State Custody.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: January 25, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 25th day of January, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on January 25, 2007:

Eddie M. Linde
P.O. Box 8273
Cranston, R.I. 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDDIE M. LINDE** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-292S** |
| | : | |
| **A.T. WALL** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Now comes the State of Rhode Island, by and through its attorneys, and moves to dismiss Petitioner Eddie Linde's Petition Under 28 USC § 2254 For A Writ Of Habeas Corpus By A Person In State Custody ("Petition"). The Petitioner raises four claims in his Petition, two of which he acknowledges have not been exhausted in state court. For this reason, and as discussed more fully below, this Court should dismiss the Petition without prejudice.

## II. BACKGROUND

A full recitation of the facts underlying the Petitioner's convictions can be found in the Rhode Island Supreme Court's reported decision, State v. Linde, 876 A.2d 1115 (R.I. 2005). A copy of this decision is attached as Exhibit 1.

For purposes of adjudicating the instant motion, only a few seemingly undisputed facts are relevant:

- On October 23, 2001, the Petitioner shot and killed Randy Silas.
- On May 29, 2002, a jury convicted the Petitioner of, among other crimes, second degree murder (for the death of Randy Silas) and discharging a firearm during a crime of violence (the murder of Randy Silas).
- On October 1, 2002, the Rhode Island Superior Court sentenced the Petitioner to 40 years at the A.C.I., 20 years to serve, 20 years suspended with probation, for second degree murder, and, as § 11-47-3.2 of the Rhode Island General

Laws required, a consecutive life sentence for discharging a firearm during a crime of violence.[1]

- On July 7, 2005, the Rhode Island Supreme Court affirmed the Petitioner's conviction. *See* Exhibit 1.

- On or about March 17, 2006, the Petitioner filed an application for post conviction relief in the Rhode Island Superior Court pursuant to R.I. Gen. Laws § 10-9.1-1.

The Petitioner filed the instant Petition on June 23, 2006. The Petitioner identified four grounds on which he claims that he is being held unlawfully, two of which he specifically acknowledges have not been fully exhausted in state court:

> Ground one: Ineffective assistance of trial counsel (This ground still pending in State Court)
>
> * * *
>
> Ground two: The unconstitutionality of R.I.G.L. § 11-47-3.2(b) (This ground is still pending in state court)
>
> * * *
>
> Ground three: Conviction obtained through evidence obtained in an unconstitutional search and seizure
>
> * * *
>
> Ground four: Judge refused to instruct jury on self defense . . . .

Petition at 4-5.

## III. ARGUMENT

It is well settled that a district court may not adjudicate a petition for the issuance of a writ of habeas corpus unless and until the petitioner has exhausted his or her state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that— . . . the applicant has exhausted the remedies available in

[1] In January 2006, the Rhode Island Superior Court reduced Linde's sentence for second degree murder by half, to ten years to serve.

the courts of the State . . . ."). "A claim for habeas corpus relief has been exhausted where the claim has been 'fairly presented' to the courts." Josselyn v. Dennehy, No. 05-2405, 2007 WL 121994, at *1 (1st Cir. Jan. 19, 2007).

Where, as here, a petitioner has filed a "mixed" petition, that is, a habeas petition containing both exhausted and unexhausted claims, ***see*** Nowaczyk v. Warden, 299 F.3d 69, 75 (1st Cir. 2002), a district court should generally dismiss the petition without prejudice, ***see*** Rhines v. Weber, 544 U.S. 1528, 1533 (2005); Rose v. Lundy, 455 U.S. 509 (1982). As with most rules, however, there is an exception: "[T]he Supreme Court has approved a 'stay and abeyance' procedure in 'limited circumstances.'" Josselyn, 2007 WL 121994, at *3. In order "to obtain a stay of a mixed petition, the petitioner must show that there was "good cause" for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. (quoting Rhines, 544 U.S. at 277).

There is no question that the instant Petition is "mixed"—the Petitioner concedes that he included his ineffective assistance claim and challenge to the constitutionality of R.I. Gen. Laws § 11-47-3.2 in an application for post conviction relief that he filed in the Rhode Island Superior Court and that that case is still pending.[2] The only issue for this Court, then, is to decide whether

[2] The Petitioner also filed a motion to correct sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure in the Rhode Island Superior Court approximately two months after filing the instant habeas petition. Among other things, the Petitioner alleged that the consecutive life sentence that he received under R.I. Gen. Laws § 11-47-3.2 was illegal because the statute itself is unconstitutional. The Superior Court denied the motion on January 4, 2007. The Petitioner noticed an appeal to the Rhode Island Supreme Court shortly thereafter.

to dismiss this case or stay it pending the resolution of the post-conviction proceeding in state court.[3]

The State would respectfully submit that a dismissal without prejudice is appropriate in this case. The Supreme Court has advised that "stay and abeyance" should be available only in "limited circumstances," specifically, only when there is "good cause" for a petitioner's failure to exhaust his claims first in state court. There does not appear to be any "good cause" here. The Petitioner timely filed his PCR application in state court a little over eight months after the Rhode Island Supreme Court denied his direct appeal and that case is still pending. The one-year limitations period contained in 28 U.S.C. § 2244(d) is seemingly tolled while it is, and, because the Petitioner did not file petition the United States Supreme Court for a writ of certiorari, the Petitioner should have more than enough time to re-file his habeas petition once he has exhausted his state court remedies.

## IV. CONCLUSION

For the reasons identified above,[4] this Court should dismiss Eddie M. Linde's Petition Under 28 U.S.C. § 2254 For A Writ Of Habeas Corpus By A Person In State Custody.

---

[3] This assumes, of course, that the Petitioner does not want to waive the unexhausted claims and proceed with only the exhausted claims. *See* Nowaczyk, 299 F.3d at 76 ("a state prisoner who has both exhausted and unexhausted claims can obtain prompt federal review if he files a mixed petition and then amends it to remove the unexhausted claims"). To do so, however, risks subjecting later petitions raising new claims to "rigorous procedural obstacles." Burton v. Stewart, No. 05-9222, 2007 WL 43832, at *4 (S. Ct. January 9, 2007).

[4] The State reserves the right to challenge the merits of the Petitioner's claims once he has exhausted his state court remedies and his habeas petition becomes ripe for adjudication in this court. In accordance with Rule 5 of the Rules Governing Section 2254 Cases In The United States District Courts, the State has separately filed copies of the briefs that the Petitioner and the State filed in the Rhode Island Supreme Court. Further, on information and belief, transcripts of the Petitioner's trial and sentencing are on file in state court.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: January 25, 2007

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 25th day of January, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on January 25, 2007:

Eddie M. Linde
P.O. Box 8273
Cranston, R.I. 02920

/s/ Christopher R. Bush