UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDDIE M. LINDE :
:
v. : C.A. No. 06-292S
:
A.T. WALL :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

In this matter, Eddie Linde ("Linde" or "Petitioner") filed his Petition for Writ of Habeas Corpus on June 23, 2006. (Document No. 1). On January 25, 2007, Respondent, State of Rhode Island, filed a Motion to Dismiss the Petition as unexhausted. (Document No. 3). Petitioner did not file a response or objection to the Motion to Dismiss. On May 16, 2007, this matter was referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 3) be GRANTED and that the Petition (Document No. 1) be DISMISSED without prejudice.

**Background**

On May 29, 2002, a Rhode Island Superior Court jury found Petitioner guilty of nine offenses including second degree murder, discharging a firearm while committing a crime of violence, assault with intent to murder, felony assault, and carrying a pistol without a license. See State v. Linde, 876 A.2d 1115, 1118 (R.I. 2005). Petitioner filed a direct appeal of his convictions with the Rhode Island Supreme Court. The Rhode Island Supreme Court denied his appeal and affirmed his convictions on July 7, 2005. See id. On or about March 17, 2006, Petitioner filed an

Application for Post-Conviction Relief in Rhode Island Superior Court, which remains pending. See Document No. 1, p. 3 (Petitioner states, "I have not been to Court yet on Post-Conviction").

Petitioner has identified four grounds on which he claims that he is being held unlawfully: (1) a Sixth Amendment claim of ineffective assistance of counsel; (2) a Fourteenth Amendment due process claim alleging the unconstitutionality of R.I. Gen. Laws § 11-47-3.2(b); (3) a Fourth Amendment "exclusionary rule" claim based on an allegedly illegal search; and (4) a claim alleging that the trial judge erroneously refused to instruct the jury on self-defense. In his Petition, Linde confirms that his grounds alleging ineffective assistance of counsel and challenging the constitutionality of R.I. Gen. Laws § 11-47-3.2(b) are "still pending in state court." Document No. 1, p. 4. The State of Rhode Island filed a Motion to Dismiss the Petition, noting that only two of the grounds raised have been fully exhausted in state court, and arguing that the Court should therefore decline to review the Petition at this time. Petitioner did not file a response or objection to the State's Motion to Dismiss.

**Discussion**

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254, Congress restricted the power of federal courts to grant habeas relief to prisoners. See 28 U.S.C. § 2254. As a prerequisite to filing a habeas claim in federal court, a state court prisoner must have exhausted all available state court remedies with respect to each claim raised in the federal petition. See 28 U.S.C. § 2254(b)(1)(A) ("an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the Courts of the State....").

In the present case, Petitioner concedes that two of the habeas claims presented to this Court are still pending in state court, and therefore are unexhausted. These two unexhausted claims render the Petition "mixed." The Supreme Court has previously held that a "mixed" habeas petition is not reviewable by federal district courts because doing so would deprive states of the first opportunity to decide a claim. Rose v. Lundy, 455 U.S. 509, 514 (1982). More recently, however, the Court has clarified its position on such "mixed" habeas petitions. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court may issue a "stay and abeyance" order which would allow a petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected habeas petition. Id. at 270. However, such an order is to be made at the discretion of the particular district court and should be "available only in limited circumstances." Id. at 277. The Rhines Court made clear that use of the stay-and-abeyance procedure by the district courts is necessarily circumscribed. The Court stated, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was 'good cause' for the petitioner's failure to exhaust his claims first in state court." Id.

Since Petitioner has conceded that two of his claims are pending in the Rhode Island State Courts, the Petition is undisputably "mixed," and this Court need only determine whether there is good cause to stay the action in this Court. After a review of the parties' arguments, the Court finds that there is not good cause to issue a stay and abeyance order in this case. Petitioner has not set forth any justification, much less "good cause" for his failure to exhaust his state court remedies as required by AEDPA. Moreover, it appears that Petitioner has sufficient time remaining on his AEDPA one-year statute of limitations to later file a habeas corpus petition in this Court.

Petitioner's direct appeal was denied on July 7, 2005. Petitioner's state court conviction became final upon the expiration of the ninety-day period for seeking certiorari to the United States Supreme Court pursuant to Sup. Ct. R. 13. According to the docket for the United States Supreme Court, Petitioner never filed a Petition for a Writ of Certiorari. The statute of limitations therefore began to run on October 5, 2005 – ninety days after the Rhode Island Supreme Court's final entry of judgment. From that date, Petitioner had until October 5, 2006 to either file a Petition for Writ of Habeas Corpus or to collaterally attack his conviction in Rhode Island Superior Court, tolling the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). As noted, Petitioner filed his post conviction relief action in Superior Court on or about March 17, 2006. Because the time during which his post conviction relief action is pending in the state court is excluded from the one-year limitations period, Petitioner should have sufficient time (approximately six months) to re-file his federal habeas petition once his state remedies are completely exhausted. Because he has provided no justification for his failure to exhaust his remedies before seeking federal review and because there is no pressing time constraint, I do not find that there is good cause to issue a stay and abeyance order on this "mixed" Petition.

**Conclusion**

For the foregoing reasons, I recommend that the State of Rhode Island's Motion to Dismiss (Document No. 3) be GRANTED and the Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED without prejudice as unexhausted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District

Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 8, 2007